UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVIN VANGEL,<br><br>Defendant. | No. 2:24-cv- |

**COMPLAINT**

NOW COMES Plaintiff, the United States of America (the "United States"), on behalf of its agency the U.S. Small Business Administration ("SBA"), and hereby files the instant Complaint against Devin Vangel ("Vangel") to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), partially codified at 12 U.S.C. § 1833a, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Vangel's receipt of COVID-19 Economic Injury and Disaster Loan Emergency Advance ("EIDL Emergency Advance") funds to which he was not entitled.

**JURISDICTION AND VENUE**

1. This action arises under the FCA, FIRREA, and Maine common law.

2. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

3. The Court has personal jurisdiction over Defendant under 31 U.S.C.

1

§ 3732(a) because Defendant can be found, resides, or transacts business in this District, or has committed the alleged acts in this District.

4. Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) as Defendant can be found in this District.

## PARTIES

5. Plaintiff, United States of America, guarantees and funds certain loans through the SBA.

6. Defendant, Devin Vangel, is a resident of Colorado Springs, Colorado.

## EIDL Emergency Advances

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic.

8. The CARES Act established the SBA's COVID-19 Economic Injury and Disaster Loan ("COVID-19 EIDL") program.

9. Under this program, the SBA offered two types of COVID-19 EIDL funding. The first type, COVID-19 EIDL loans, were low-interest, fixed-rate, long-term loans intended to help overcome the effects of the pandemic by providing working capital to meet operating expenses, including payroll, rent/mortgage, utilities, and other ordinary business expenses, and to pay business debt incurred at any time. The second type, EIDL Emergency Advances, were funds that could be awarded to COVID-19 EIDL loan applicants that were meant to serve as an "advance" on the applicant's COVID-19 EIDL loan. The EIDL Emergency Advances were intended to provide immediate relief

to small businesses experiencing a temporary loss of revenue.

10. To receive an EIDL Emergency Advance, the COVID-19 EIDL loan applicant did not need to accept the loan or be approved for the loan to receive an advance; the applicant needed only to have an existing COVID-19 EIDL loan application. In 2020, the EIDL Emergency Advance was limited at $1,000 per employee up to a maximum of $10,000 per business. The SBA did not require EIDL Emergency Advances to be repaid to the SBA, even if the underlying COVID-19 EIDL loan application subsequently was denied.

11. Unlike Paycheck Protection Program loans, EIDL Emergency Advances were submitted directly to, and processed by, the SBA.

12. In advance of distributing the EIDL Emergency Advance, SBA required that the borrower file a certification, under penalty of perjury, that they were eligible to apply for an COVID-19 EIDL loan.

## The False Claims Act

13. The FCA provides, in pertinent part, that any person who:

(a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

(a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. 31 U.S.C. § 3729(a)(1).

14. FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015. *See* 28 U.S.C. § 2461 note. For violations occurring after November 2, 2015, the civil penalty amounts

currently range from a minimum of $13,946 to a maximum of $27,894. 28 C.F.R. § 85.5.

15. For purposes of the FCA, the terms "knowing" and "knowingly"

(A) mean that a person, with respect to information—

    i. has actual knowledge of the information;

    ii. acts in deliberate ignorance of the truth or falsity of the information; or

    iii. acts in reckless disregard of the truth or falsity of the information; and

(B) require no proof of specific intent to defraud.

31 U.S.C. § 3729(b)(1).

16. Under the FCA, the term "claim" includes requests to the United States for payment, whether made directly or indirectly to the United States. *Id.* § 3729(b)(2)(A).

17. The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id.* § 3729(b)(4).

## FIRREA

18. Section 951 of FIRREA, as amended, codified at 12 U.S.C. § 1833a, provides that the Attorney General may recover civil penalties of up to $1 million per violation against persons who commit specified violations as established by a preponderance of the evidence. 28 C.F.R. § 85.5 (the maximum civil penalty was increased to $2,449,575 for assessments after February 12, 2024 for which violations occurred after November 2, 2015). The statute further provides that the Attorney General alternatively may recover the amount of any gain to the person committing the violation, or the amount of the loss to a person other than the violator stemming from such conduct, up to the amount of the gain or the loss. *Id.* The predicate violations

identified in Section 951 that can form the basis for liability under FIRREA include, among others: (a) knowingly or willfully making a materially false or fraudulent statement affecting a federally insured financial institution (18 U.S.C. § 1001); (b) making a false statement on a loan application to a financial institution, "the accounts of which are insured by the Federal Deposit Insurance Corporation" (18 U.S.C. § 1014); and (c) knowingly making a false statement for the purpose of influencing a decision by the Administrator of the SBA (15 U.S.C. § 645(a)).

## **Allegations**

19.   It is a violation of the FCA to knowingly obtain EIDL Emergency Advance funds based on misrepresentations regarding the operations of an applicant's business. Defendant was individually involved in obtaining an EIDL Emergency Advance in violation of the FCA.

20.   Defendant applied for an EIDL Emergency Advance in the amount of $10,000.00.  This EIDL Emergency Advance was funded on July 6, 2020.

21.   In his application for the EIDL Emergency Advance, Defendant represented that he operated a business that employed eleven people, and that he was eligible to apply for a COVID-19 EIDL loan.

22.   In reality, Defendant did not operate a business with any employees, and knowingly misrepresented that he did operate such a business in order to receive an EIDL Emergency Advance to which he was not entitled.

23.   Defendant was not eligible to apply for a COVID-19 EIDL loan, and knowingly misrepresented that was eligible to receive such a loan in order to receive an EIDL Emergency Advance to which he was not entitled.

24. False statements were submitted to the SBA in Defendant's EIDL Emergency Advance application which misrepresented the number of individuals Defendant employed and misrepresented that Defendant was eligible to apply for a COVID-19 EIDL loan. These false statements in the EIDL Emergency Advance application were material to the payment of money to Defendant by the SBA, causing damages to the United States.

The United States realleges and incorporates all paragraphs above of this Complaint as fully set forth herein in all Counts listed below:

**COUNT I**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**
**Presenting or Causing False Claims to Be Presented for Payment**

25. Defendant knowingly requested and obtained an EIDL Emergency Advance for an amount he was not entitled to, in violation of the SBA's rules regarding EIDL Emergency Advance funds.

26. By virtue of these false claims, the United States was damaged for the full amount of the EIDL Emergency Advance, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

**COUNT II**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(B)**
**Making or Using False Records or Statements**

27. Defendant knowingly submitted an EIDL Emergency Advance application that contained misrepresentations regarding the numbers of individuals he employed, for an amount he was not entitled to, in violation of the SBA's rules regarding EIDL Emergency Advance funds.

28. By virtue of these false statements, the United States was damaged for the

full amount of the EIDL Emergency Advance, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT III
## False Statements to the SBA
## 12 U.S.C. § 1833a (FIRREA)

29. This is a claim for civil penalties under FIRREA, 12 U.S.C. § 1833a, as amended.

30. Defendant, for the purposes of fraudulently obtaining an EIDL Emergency Advance, in violation of 12 U.S.C. § 1833a, unlawfully, willfully and knowingly made false statements or certifications to the SBA in violation of 15 U.S.C. § 645(a).

31. Because of Defendant's acts, he is liable for civil penalties up to the maximum amount authorized under 12 U.S.C. § 1833a(b).

## COUNT IV
## Unjust Enrichment

32. This is a claim for the recovery of monies by which Defendant has been unjustly enriched.

33. By obtaining from the United States funds to which he was not entitled, Defendant was unjustly enriched and the United States is entitled to damages in an amount of $10,000.00, plus interest, together with any other damages to be determined at trial.

## COUNT V
## Payment by Mistake

34. This is a claim for the recovery of monies the United States paid directly or indirectly to Defendant as a result of mistaken understandings of fact.

35. The United States' mistaken understandings of fact were material to its

decision to approve the EIDL Emergency Advance provided by Defendant.

36. The United States, acting in reasonable reliance on the truthfulness of the statements contained in the EIDL Emergency Advance application, approved an EIDL Emergency Advance distribution to Defendant to which he was not entitled.

37. Thus, the United States is entitled to recoup the amount of the EIDL Emergency Advance plus any other amounts to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States requests that judgment be entered in its favor and against Defendant as follows:

(a) On Counts I and II (False Claims Act), awarding the United States treble the damages it sustained for the total amount ($10,000.00) of the EIDL Emergency Advance Defendant received, together with the maximum civil penalties allowed by law;

(b) On Count III (FIRREA), awarding the United States civil penalties pursuant to 12 U.S.C. § 1833a equal to, at minimum, the total amount of the EIDL Emergency Advance - $10,000.00.

(c) On Count IV (Unjust Enrichment), awarding the United States the amount by which Defendant was unjustly enriched;

(d) On Count V (Payment by Mistake), awarding the United States the amount mistakenly paid to Defendant;

(e) awarding the United States pre- and post-judgment interest, costs, and filing fees; and

(f) granting such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

The United States demands a jury trial in this case pursuant to Federal Rule of Civil Procedure 38(b) of all claims and issues so triable.

Dated:   December 18, 2024          Respectfully submitted,
         Portland, Maine

                                    DARCIE N. MCELWEE
                                    U.S. Attorney for the District of Maine


                                    BY: /s/ James D. Concannon
                                    JAMES D. CONCANNON
                                    Counsel for the United States of America
                                    Assistant U.S. Attorney
                                    100 Middle Street
                                    East Tower, 6th Floor
                                    Portland, Maine 04101
                                    (207) 780-3257
                                    James.Concannon@usdoj.gov
                                    *On behalf of the United States*